```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF HAWAII

 3
      UNITED STATES OF AMERICA,    )      CRIMINAL NO. 19-00129-DKW
 4                                 )
                  Plaintiff,       )      Honolulu, Hawaii
 5                                 )
             vs.                   )      October 7, 2019
 6                                 )
      SUNG YANG,                   )      WAIVER OF INDICTMENT AND
 7                                 )      ARRAIGNMENT AND PLEA TO THE
                  Defendant.       )      INFORMATION
 8    _____ )

 9
                      TRANSCRIPT OF PROCEEDINGS
10          BEFORE THE HONORABLE DERRICK K. WATSON,
               UNITED STATES DISTRICT COURT JUDGE
11

12   APPEARANCES:

13
     For the Plaintiff:          MICHAEL DAVID NAMMAR, ESQ.
14                               Office of the United States Attorney
                                 PJKK Federal Building
15                               300 Ala Moana Boulevard, Suite 6100
                                 Honolulu, Hawaii  96850
16
                                 NIALL M. O'DONNELL, ESQ.
17                               U.s. Department of Justice
                                 Fraud Section, Criminal Division
18                               4811 Airport Plaza Drive, 5th Floor
                                 Long Beach, CA  90815
19

20   For the Defendant:          THOMAS M. OTAKE, ESQ.
                                 Thomas M. Otake AAL, ALC
21                               851 Fort Street Mall, Suite 400
                                 Honolulu, Hawaii  96813
22
     Official Court Reporter:    Gloria T. Bediamol, RPR RMR CRR FCRR
23                               United States District Court
                                 300 Ala Moana Boulevard
24                               Honolulu, Hawaii 96850

25    Proceedings recorded by machine shorthand, transcript produced
      with computer-aided transcription (CAT).
```

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | October 7, 2019                                    10:38 a.m.         |
| 10:38AM | 2  | THE CLERK:  Calling Criminal Number 19-00129-DKW,                  |
| 10:38AM | 3  | United States of America versus Defendant (01) Sung S. Yang.        |
| 10:38AM | 4  | This case has been called for initial appearance,                  |
| 10:38AM | 5  | waiver of indictment, and arraignment and plea to the              |
| 10:38AM | 6  | information.                                                        |
| 10:38AM | 7  | Counsel, please make your appearances for the record.              |
| 10:38AM | 8  | MR. NAMMAR:  Good morning, Your Honor.  Michael Nammar             |
| 10:38AM | 9  | and Niall O'Donnell for the United States.  Niall O'Donnell is     |
| 10:38AM | 10 | an attorney with the Department of Justice.  Also with me is       |
| 10:38AM | 11 | Laura Salazar from the FBI.                                         |
| 10:38AM | 12 | THE COURT:  All right.  Good morning to all three of               |
| 10:38AM | 13 | you.                                                                |
| 10:38AM | 14 | MR. OTAKE:  Good morning, Your Honor.  Thomas Otake                |
| 10:38AM | 15 | who is present with Sung Yang who is present in court.             |
| 10:38AM | 16 | THE COURT:  Good morning to both of you as well.                  |
| 10:38AM | 17 | Mr. Otake, I gather you are retained counsel?                      |
| 10:38AM | 18 | MR. OTAKE:  I am.                                                   |
| 10:38AM | 19 | THE COURT:  We are here this morning because the                   |
| 10:38AM | 20 | defendant, Mr. Yang, wishes to do a couple of things:  First,      |
| 10:38AM | 21 | to waive indictment and to proceed via the information that the    |
| 10:38AM | 22 | United States attorney has filed in this matter and also to       |
| 10:38AM | 23 | plead guilty to the September 12, 2019 information.  And he        |
| 10:39AM | 24 | wishes to do so pursuant to a plea agreement with the United      |
| 10:39AM | 25 | States.                                                            |

| | | |
|---|---|---|
| 10:39AM | 1 | Mr. Yang, before accepting either your waiver or your |
| 10:39AM | 2 | plea, there are a few questions that I need to ask you this |
| 10:39AM | 3 | morning to ensure that your decisions are both knowing and |
| 10:39AM | 4 | voluntary.  I don't think any of the questions I'm going to ask |
| 10:39AM | 5 | you are particularly ambiguous or complex in any way, shape, or |
| 10:39AM | 6 | form; but nonetheless, if there are questions that I ask that |
| 10:39AM | 7 | you do not understand, please let me know and I'll do my best |
| 10:39AM | 8 | to provide clarification.  Okay? |
| 10:39AM | 9 | THE DEFENDANT:  Okay. |
| 10:39AM | 10 | THE COURT:  All right.  Please swear the defendant. |
| 10:39AM | 11 | (The defendant was sworn to answer truthfully.) |
| 10:39AM | 12 | THE COURT:  Please understand, sir, that you have now |
| 10:39AM | 13 | taken an oath this morning to answer the Court's questions |
| 10:39AM | 14 | truthfully, and if you do anything other than that, you could |
| 10:39AM | 15 | be subjecting yourself to additional charges.  Do you |
| 10:39AM | 16 | understand that, sir? |
| 10:39AM | 17 | THE DEFENDANT:  Yes. |
| 10:39AM | 18 | THE COURT:  Please state your full name. |
| 10:39AM | 19 | THE DEFENDANT:  Sung S. Yang. |
| 10:39AM | 20 | THE COURT:  How old are you? |
| 10:39AM | 21 | THE DEFENDANT:  I'm 44 years old. |
| 10:40AM | 22 | THE COURT:  What's the highest level of education that |
| 10:40AM | 23 | you have achieved? |
| 10:40AM | 24 | THE DEFENDANT:  Doctor of Medicine. |
| 10:40AM | 25 | THE COURT:  Who is your most recent employer? |

| | | |
|---|---|---|
| 10:40AM | 1 | THE DEFENDANT:  Self. |
| 10:40AM | 2 | THE COURT:  And you understand, speak, and I assume |
| 10:40AM | 3 | you write English all just fine; is that true? |
| 10:40AM | 4 | THE DEFENDANT:  Yes. |
| 10:40AM | 5 | THE COURT:  Have you taken any drugs, legal or |
| 10:40AM | 6 | illegal, within the past 48 hours? |
| 10:40AM | 7 | THE DEFENDANT:  No. |
| 10:40AM | 8 | THE COURT:  Have you consumed any alcohol within the |
| 10:40AM | 9 | past 24 hours? |
| 10:40AM | 10 | THE DEFENDANT:  No. |
| 10:40AM | 11 | THE COURT:  Are you sober then and thinking clearly |
| 10:40AM | 12 | this morning? |
| 10:40AM | 13 | THE DEFENDANT:  Yes. |
| 10:40AM | 14 | THE COURT:  What is your understanding, sir, of the |
| 10:40AM | 15 | purpose of this morning's hearing? |
| 10:40AM | 16 | THE DEFENDANT:  My understanding is that I'll be |
| 10:40AM | 17 | agreeing to a plea agreement of the charges that are put |
| 10:40AM | 18 | against me. |
| 10:40AM | 19 | THE COURT:  And you intend to plead guilty to the |
| 10:40AM | 20 | crime that has been charged? |
| 10:40AM | 21 | THE DEFENDANT:  Yes. |
| 10:40AM | 22 | THE COURT:  All right.  And have you had enough time, |
| 10:40AM | 23 | sir, to discuss that decision whether or not to plead guilty as |
| 10:40AM | 24 | well as this case generally with Mr. Otake? |
| 10:40AM | 25 | THE DEFENDANT:  Yes. |

| | | |
|---|---|---|
| 10:40AM | 1 | THE COURT:  Are you satisfied with his representation |
| 10:40AM | 2 | of you thus far in this case? |
| 10:40AM | 3 | THE DEFENDANT:  Yes. |
| 10:40AM | 4 | THE COURT:  Mr. Otake, do you have any reason to doubt |
| 10:41AM | 5 | Mr. Yang's capacity or competence to either enter a knowing and |
| 10:41AM | 6 | informed plea or to waive indictment? |
| 10:41AM | 7 | MR. OTAKE:  No, Your Honor. |
| 10:41AM | 8 | THE COURT:  Mr. Yang, have you received a copy of the |
| 10:41AM | 9 | government's information in this case that was filed, I |
| 10:41AM | 10 | believe, on September 12th? |
| 10:41AM | 11 | THE DEFENDANT:  Yes. |
| 10:41AM | 12 | THE COURT:  Do you wish to have that information read |
| 10:41AM | 13 | to you in its entirety? |
| 10:41AM | 14 | THE DEFENDANT:  No. |
| 10:41AM | 15 | THE COURT:  In sum and substance, the information sets |
| 10:41AM | 16 | forth a single count alleging a violation of Title 18 of the |
| 10:41AM | 17 | United States Code, Section 1347.  And in summary it alleges |
| 10:41AM | 18 | that between September 2011 and September 2018, continuing |
| 10:41AM | 19 | through that approximate seven-year time period, you were a |
| 10:41AM | 20 | physician who operated several outpatient clinics here on the |
| 10:41AM | 21 | island of Oahu and, in doing so, submitted false and fraudulent |
| 10:42AM | 22 | claims to Medicare, Medicaid, TRICARE and HMSA for services |
| 10:42AM | 23 | that were allegedly rendered to patients and beneficiaries |
| 10:42AM | 24 | insured by these Health Care Benefits Programs. |
| 10:42AM | 25 | More specifically, the information charges that you |

| 10:42AM | 1  | billed these programs for healthcare services that were either |
|---------|----|
| 10:42AM | 2  | not in fact provided or not medically necessary in the amount |
| 10:42AM | 3  | of approximately $977,000.80 for which you received payment of |
| 10:42AM | 4  | $253,419.11.  Once again, that would be in violation of Title |
| 10:42AM | 5  | 18, United States Code, Section 1347. |
| 10:42AM | 6  | Have you discussed these charges and allegations with |
| 10:42AM | 7  | counsel? |
| 10:42AM | 8  | THE DEFENDANT:  Yes, Your Honor. |
| 10:42AM | 9  | THE COURT:  Are you confident, sir, that you |
| 10:42AM | 10 | understand the nature of the charges that have been brought |
| 10:42AM | 11 | against you? |
| 10:42AM | 12 | THE DEFENDANT:  Yes. |
| 10:42AM | 13 | THE COURT:  Do you have any questions with regard to |
| 10:43AM | 14 | these charges? |
| 10:43AM | 15 | THE DEFENDANT:  No, sir. |
| 10:43AM | 16 | THE COURT:  You do have a constitutional right to be |
| 10:43AM | 17 | charged by grand jury indictment, but you can waive that right |
| 10:43AM | 18 | and consent to proceed by an information filed by the United |
| 10:43AM | 19 | States attorney. |
| 10:43AM | 20 | THE DEFENDANT:  I will waive. |
| 10:43AM | 21 | THE COURT:  I'm going to go over a little bit about |
| 10:43AM | 22 | that process before we get to that point, okay?  Do you |
| 10:43AM | 23 | understand that? |
| 10:43AM | 24 | THE DEFENDANT:  Yes, sir. |
| 10:43AM | 25 | THE COURT:  Unless you -- excuse me, unless you were |

| | | |
|---|---|---|
| 10:43AM | 1 | to waive indictment, do you understand, sir, that you cannot be |
| 10:43AM | 2 | charged with this felony offense unless the grand jury were to |
| 10:43AM | 3 | return an indictment finding that there is probable cause to |
| 10:43AM | 4 | believe that a federal crime has been committed and that you |
| 10:43AM | 5 | committed it? |
| 10:43AM | 6 | THE DEFENDANT:  Yes. |
| 10:43AM | 7 | THE COURT:  I know Mr. Otake has gone over this, and I |
| 10:43AM | 8 | apologize for the redundancy of the procedure, but please |
| 10:43AM | 9 | understand, sir, that a grand jury here is a body of at least |
| 10:43AM | 10 | 16 but not more than 23 impartial citizens from our local |
| 10:43AM | 11 | community.  If you choose not to waive indictment, the United |
| 10:43AM | 12 | States could present evidence to that grand jury, and the grand |
| 10:44AM | 13 | jury would then vote in private once again to determine if |
| 10:44AM | 14 | there is probable cause to believe that a federal crime has |
| 10:44AM | 15 | been committed and that you committed it.  Are you tracking |
| 10:44AM | 16 | with me so far? |
| 10:44AM | 17 | THE DEFENDANT:  Yes. |
| 10:44AM | 18 | THE COURT:  If at least 12 of those grand jurors vote |
| 10:44AM | 19 | to so find, they would return what's known as an indictment |
| 10:44AM | 20 | against you. |
| 10:44AM | 21 | On the other hand, if at least 12 of those grand |
| 10:44AM | 22 | jurors do not so find and vote accordingly, they would not |
| 10:44AM | 23 | return an indictment against you.  In other words, the grand |
| 10:44AM | 24 | jury, based on the information presented to it by the United |
| 10:44AM | 25 | States attorneys office or the Department of Justice, may or |

| | | |
|---|---|---|
| 10:44AM | 1 | may not indict you. |
| 10:44AM | 2 | On the other hand, if you were to waive indictment by |
| 10:44AM | 3 | the grand jury, the information that was filed by the United |
| 10:44AM | 4 | States attorney in this matter on September 12, 2019 will act |
| 10:44AM | 5 | exactly as if an indictment had issued. Do you understand |
| 10:44AM | 6 | that? |
| 10:44AM | 7 | THE DEFENDANT: Yes. |
| 10:44AM | 8 | MR. OTAKE: Sorry, Your Honor, one second. |
| 10:44AM | 9 | THE COURT: Do you understand this process, sir? |
| 10:45AM | 10 | THE DEFENDANT: Yes. |
| 10:45AM | 11 | THE COURT: Do you have any questions about either the |
| 10:45AM | 12 | process or these rights that you have? |
| 10:45AM | 13 | THE DEFENDANT: No. |
| 10:45AM | 14 | THE COURT: Have you discussed this process with your |
| 10:45AM | 15 | counsel? |
| 10:45AM | 16 | THE DEFENDANT: Yes, Your Honor. |
| 10:45AM | 17 | THE COURT: Understanding and knowing this process |
| 10:45AM | 18 | then, having had the opportunity to discuss it with counsel, do |
| 10:45AM | 19 | you still wish to waive indictment? |
| 10:45AM | 20 | THE DEFENDANT: Yes. |
| 10:45AM | 21 | THE COURT: Now, to accomplish that waiver, you've |
| 10:45AM | 22 | signed -- at least it appears that you've signed a waiver of |
| 10:45AM | 23 | indictment form, that's the AO455 standard form. Is that your |
| 10:45AM | 24 | signature, sir, that appears on this document along |
| 10:45AM | 25 | Mr. Otake's, dated today's date, October 7, 2019? |

| | | |
|---|---|---|
| 10:45AM | 1 | THE DEFENDANT:  Yes. |
| 10:45AM | 2 | THE COURT:  The Court will go ahead and countersign |
| 10:45AM | 3 | this form, and we will make it part of the Court's record and |
| 10:45AM | 4 | docket later on today. |
| 10:45AM | 5 | The Court finds that Mr. Yang knowingly and |
| 10:45AM | 6 | voluntarily waives indictment and consents to proceed by |
| 10:45AM | 7 | information. |
| 10:45AM | 8 | Now, Mr. Yang, I do understand that you intend to |
| 10:46AM | 9 | plead guilty to the single count that is set forth in the |
| 10:46AM | 10 | information; is that correct? |
| 10:46AM | 11 | THE DEFENDANT:  Yes. |
| 10:46AM | 12 | THE COURT:  Has anyone threatened, forced, or coerced |
| 10:46AM | 13 | you, sir, into pleading guilty? |
| 10:46AM | 14 | THE DEFENDANT:  No. |
| 10:46AM | 15 | THE COURT:  Has anyone threatened, forced, or coerced, |
| 10:46AM | 16 | to your knowledge, anyone close to you, meaning a close friend |
| 10:46AM | 17 | or a relative, in order to get to you plead guilty? |
| 10:46AM | 18 | THE DEFENDANT:  No. |
| 10:46AM | 19 | THE COURT:  Has anyone made any promises or assurances |
| 10:46AM | 20 | to you in order to get you to plead guilty other than the |
| 10:46AM | 21 | promises that the government has made in its plea agreement |
| 10:46AM | 22 | with you? |
| 10:46AM | 23 | THE DEFENDANT:  No. |
| 10:46AM | 24 | THE COURT:  Are you pleading guilty this morning |
| 10:46AM | 25 | because you are guilty of the conduct alleged in Count 1? |

| 10:46AM | 1 | THE DEFENDANT: Yes. |
| 10:46AM | 2 | THE COURT: Mr. Nammar, what are the potential |
| 10:46AM | 3 | penalties that Mr. Yang faces then for pleading guilty to Count |
| 10:46AM | 4 | 1? |
| 10:46AM | 5 | MR. NAMMAR: Yes, Your Honor, they start on page three |
| 10:46AM | 6 | of the plea agreement. They are up to ten years incarceration, |
| 10:46AM | 7 | a fine of up $250,000 or twice the value of the gross gain or |
| 10:46AM | 8 | loss from the offense; a term of supervised release of up to |
| 10:47AM | 9 | three years; forfeiture of any property which constitutes or is |
| 10:47AM | 10 | derived from proceeds traceable to the offense to which Dr. |
| 10:47AM | 11 | Yang is pleading guilty to; restitution to the persons and |
| 10:47AM | 12 | entities victimized by the defendant's offense; and a mandatory |
| 10:47AM | 13 | $100 special assessment. |
| 10:47AM | 14 | THE COURT: Mr. Nammar, do you agree? |
| 10:47AM | 15 | MR. OTAKE: Yes, Your Honor. |
| 10:47AM | 16 | THE COURT: Mr. Yang, do you understand, sir, the |
| 10:47AM | 17 | penalties that you face for pleading guilty to this count? |
| 10:47AM | 18 | THE DEFENDANT: Yes, Your Honor. |
| 10:47AM | 19 | THE COURT: My understanding is that as part of the |
| 10:47AM | 20 | penalties that just have just been set forth by AUSA Nammar, |
| 10:47AM | 21 | you do agree to the imposition of a forfeiture money judgment |
| 10:47AM | 22 | in favor of the United States and in the amount of $253,419.11 |
| 10:47AM | 23 | as more fully described in the forfeiture allegations of the |
| 10:47AM | 24 | information. Is that your understanding as well? |
| 10:47AM | 25 | THE DEFENDANT: Yes, Your Honor. |

| | | |
|---|---|---|
| 10:47AM | 1 | THE COURT:  You've entered into a plea agreement with |
| 10:48AM | 2 | the United States, correct? |
| 10:48AM | 3 | THE DEFENDANT:  Yes. |
| 10:48AM | 4 | THE COURT:  And have you read that document, the plea |
| 10:48AM | 5 | agreement, in full? |
| 10:48AM | 6 | THE DEFENDANT:  Yes. |
| 10:48AM | 7 | THE COURT:  Have you had an opportunity to discuss it |
| 10:48AM | 8 | with Mr. Otake? |
| 10:48AM | 9 | THE DEFENDANT:  Yes. |
| 10:48AM | 10 | THE COURT:  Are you confident, sir, that you |
| 10:48AM | 11 | understand each and every one of the terms of your plea |
| 10:48AM | 12 | agreement with the United States? |
| 10:48AM | 13 | THE DEFENDANT:  Yes. |
| 10:48AM | 14 | THE COURT:  Mr. Otake, are you satisfied that Mr. Yang |
| 10:48AM | 15 | understands the terms of his plea agreement? |
| 10:48AM | 16 | MR. OTAKE:  Yes, Your Honor. |
| 10:48AM | 17 | THE COURT:  Now, I have what appears to be the |
| 10:48AM | 18 | original of that agreement in front of me. |
| 10:48AM | 19 | Mr. Yang, is that your signature, sir, that appears on |
| 10:48AM | 20 | the final page of the document, that is page 18, dated today's |
| 10:48AM | 21 | date of October 7, 2019? |
| 10:48AM | 22 | THE DEFENDANT:  Yes, Your Honor. |
| 10:48AM | 23 | THE COURT:  Does this document reflect the entire |
| 10:48AM | 24 | agreement that you have with the United States? |
| 10:48AM | 25 | THE DEFENDANT:  Yes. |

| 10:48AM | 1 | THE COURT: Another way of saying it somewhat |
| 10:48AM | 2 | similarly is, did the government make any verbal or oral |
| 10:48AM | 3 | promises to you that they did not put into the written plea |
| 10:48AM | 4 | agreement? |
| 10:48AM | 5 | THE DEFENDANT: No. |
| 10:48AM | 6 | THE COURT: Do you understand, sir, that the Court is |
| 10:48AM | 7 | not required to accept your plea agreement and that I could |
| 10:48AM | 8 | reject it after I consider a presentence investigation and |
| 10:49AM | 9 | investigation report which will both be completed after the |
| 10:49AM | 10 | conclusion of this morning's hearing? |
| 10:49AM | 11 | THE DEFENDANT: Yes. |
| 10:49AM | 12 | THE COURT: Do you also understand that any |
| 10:49AM | 13 | stipulations in your plea agreement are stipulations between |
| 10:49AM | 14 | you and the Department of Justice and U.S. Attorney's office |
| 10:49AM | 15 | and that the Court specifically is not bound by those |
| 10:49AM | 16 | stipulations? |
| 10:49AM | 17 | THE DEFENDANT: Yes. |
| 10:49AM | 18 | THE COURT: Mr. Nammar, would you then set forth the |
| 10:49AM | 19 | essential terms of the government's plea agreement with |
| 10:49AM | 20 | Mr. Yang, including any appellate waiver provisions? |
| 10:49AM | 21 | MR. NAMMAR: Yes, Your Honor. In paragraph four of |
| 10:49AM | 22 | the agreement, the defendant agrees to waive indictment and |
| 10:49AM | 23 | plead guilty to a one-count information charging healthcare |
| 10:49AM | 24 | fraud. The defendant also waives any right to assert a statute |
| 10:49AM | 25 | of limitations defense. |

10:49AM   1          In paragraph seven, the defendant acknowledges the

10:49AM   2    maximum penalties for the crime to which he is pleading guilty,

10:49AM   3    which the Court has already gone over with the defendant.

10:49AM   4          In paragraph eight, the defendant admits to certain

10:49AM   5    facts that relate to the charge contained in the information,

10:50AM   6    namely that he submitted false claims to Health Care Benefit

10:50AM   7    Programs using billing codes for physician consulting services

10:50AM   8    that were in fact not provided and were also not medically

10:50AM   9    necessary.

10:50AM   10          In paragraph nine, there are several stipulations that

10:50AM   11    the parties have entered into.  First, the parties agree that

10:50AM   12    the base offense level under the applicable guideline range is

10:50AM   13    6.

10:50AM   14          Second, the parties agree that the intended loss in

10:50AM   15    this case is more than $250,000 but less than 1.5 million.

10:50AM   16          Third, there are two separate agreements regarding

10:50AM   17    acceptance of responsibility.  The parties agree that the

10:50AM   18    defendant, if eligible, shall receive a one-level reduction for

10:50AM   19    acceptance of responsibility pursuant to Section 3E1.1(a) of

10:50AM   20    the guidelines.

10:50AM   21          In paragraph ten, the parties acknowledge that these

10:51AM   22    stipulations, the stipulations contained in paragraph nine, are

10:51AM   23    not binding on the Court.

10:51AM   24          As more thoroughly discussed in paragraph 12, the

10:51AM   25    defendant is waiving his right to appeal his conviction and the

10:51AM  1  sentence imposed, except that he may appeal his sentence if the
10:51AM  2  Court imposes a sentence that is greater than the specified
10:51AM  3  guideline range determined by the Court.
10:51AM  4      The defendant is also waiving his right to challenge
10:51AM  5  his sentence in any collateral attack; however, he retains the
10:51AM  6  ability to collaterally attack a sentence that is greater than
10:51AM  7  the specified guideline range.  The defendant also retains the
10:51AM  8  right to make a claim of ineffective assistance of counsel in a
10:51AM  9  collateral attack.
10:51AM  10      In paragraph 14 of the plea agreement, the defendant
10:51AM  11  makes several agreements regarding forfeiture.  As explained in
10:51AM  12  paragraph 14A specifically, the defendant agrees that he will
10:51AM  13  consent to the entry of a forfeiture money judgment in the
10:51AM  14  amount of $253,419.11.
10:52AM  15      Those are the essential terms of the plea agreement.
10:52AM  16      THE COURT:  Mr. Otake, do you agree that AUSA Nammar
10:52AM  17  has set forth the essential terms of the government's plea
10:52AM  18  agreement with Mr. Yang?
10:52AM  19      MR. OTAKE:  Yes, Your Honor.
10:52AM  20      THE COURT:  Mr. Yang, the government's counsel just
10:52AM  21  went over what it considers to be the important and essential
10:52AM  22  terms of your plea agreement with the United States.
10:52AM  23      There's one provision I want to call out to your
10:52AM  24  attention in particular.  It is what is sometimes referred to
10:52AM  25  as the appellate waiver provision.  In your particular plea

| | | |
|---|---|---|
| 10:52AM | 1 | agreement, that clause appears at paragraph 12.  What that |
| 10:52AM | 2 | particular paragraph, in sum and substance, says is that by |
| 10:52AM | 3 | virtue of entering into this plea agreement with the United |
| 10:52AM | 4 | States, you are agreeing to give up or waive your right to |
| 10:52AM | 5 | challenge the Court's final judgment and sentence in this case. |
| 10:52AM | 6 | In virtually all circumstances, all legally waivable claims is |
| 10:52AM | 7 | specifically what that paragraph says.  And paragraph four says |
| 10:52AM | 8 | that all the legally waivable claims specifically includes any |
| 10:53AM | 9 | statute of limitations defense that you might otherwise have. |
| 10:53AM | 10 | Do you understand that? |
| 10:53AM | 11 | THE DEFENDANT:  Yes. |
| 10:53AM | 12 | THE COURT:  Now, there are exceptions.  There are in |
| 10:53AM | 13 | fact two small exceptions -- limited exceptions to this very |
| 10:53AM | 14 | broad waiver.  And I want to go over those with you right now |
| 10:53AM | 15 | too. |
| 10:53AM | 16 | Those two limited waivers are the following:  If the |
| 10:53AM | 17 | Court were to sentence you to something above what the |
| 10:53AM | 18 | applicable federal sentencing guidelines call for, this |
| 10:53AM | 19 | agreement says that you retain the right to challenge only that |
| 10:53AM | 20 | portion of the Court's sentence above the applicable sentencing |
| 10:53AM | 21 | guideline range, and you may do so either by direct appeal or |
| 10:53AM | 22 | by collateral attack. |
| 10:53AM | 23 | Secondly, you mentioned a few minutes ago that you've |
| 10:53AM | 24 | been satisfied with Mr. Otake's representation of you thus far |
| 10:53AM | 25 | in this case.  If that were to change, if you believe you were |

10:53AM  1  rendered the ineffective assistance of counsel, paragraph 12

10:53AM  2  says you retain your right to challenge this Court's judgment

10:53AM  3  and sentence on that basis.

10:53AM  4      Except in those two limited circumstances, you are

10:53AM  5  agreeing and acknowledging that all of your other rights to

10:53AM  6  challenge this Court's final judgment and sentence on direct

10:54AM  7  appeal or by collateral attack are being given up or waived.

10:54AM  8  Do you understand that?

10:54AM  9      THE DEFENDANT:  Yes, Your Honor.

10:54AM  10      THE COURT:  Now, this agreement that you are entering

10:54AM  11  into with the government also requires you to give up or waive

10:54AM  12  some important trial and trial related rights.  Those are

10:54AM  13  largely described at paragraph 17 of your plea agreement, and

10:54AM  14  I'm going to go over those with you now.

10:54AM  15      The first of which is, sir, do you understand that

10:54AM  16  under the constitution and laws of the United States, you have

10:54AM  17  the right not to plead guilty and to proceed to a trial,

10:54AM  18  including a trial by jury, on the charges that have been

10:54AM  19  brought against you?

10:54AM  20      THE DEFENDANT:  Yes.

10:54AM  21      THE COURT:  Do you understand, sir, that if you were

10:54AM  22  to proceed to trial, you would be presumed innocent, which

10:54AM  23  means that the government would have the burden of proving your

10:54AM  24  guilt to a jury beyond a reasonable doubt, and that at no time

10:54AM  25  would you have the burden of proving you are not guilty?

10:54AM   1          THE DEFENDANT:  Yes.

10:54AM   2          THE COURT:  Do you understand, sir, that in order to

10:54AM   3   be found guilty at a trial, the jury of 12 persons from this

10:54AM   4   local community would have to find your guilt beyond a

10:54AM   5   reasonable doubt and they would also have to do so unanimously?

10:55AM   6          THE DEFENDANT:  Yes.

10:55AM   7          THE COURT:  Do you understand that at all stages of

10:55AM   8   the prosecution, which includes trial, you have the right to

10:55AM   9   the assistance of counsel, as you do here this morning, and if

10:55AM  10   at any point in time you could not afford counsel, one would be

10:55AM  11   appointed for you by the Court at no cost to you?

10:55AM  12          THE DEFENDANT:  Yes.

10:55AM  13          THE COURT:  Do you understand, sir, that at any trial

10:55AM  14   you would have the right to see and to hear all of the

10:55AM  15   government's evidence and witnesses and to have those witnesses

10:55AM  16   questioned by your own attorney?

10:55AM  17          THE DEFENDANT:  Yes.

10:55AM  18          THE COURT:  Do you also understand that at any trial

10:55AM  19   you could object to any of the evidence offered by the United

10:55AM  20   States, and you could present evidence of your own in your case

10:55AM  21   in chief, including through witness testimony that is compelled

10:55AM  22   through the Court's subpoena power if that were necessary?

10:55AM  23          THE DEFENDANT:  Yes.

10:55AM  24          THE COURT:  Do you also understand, Mr. Yang, that at

10:55AM  25   any trial you could offer testimony from yourself on your own

| | | |
|---|---|---|
| 10:55AM | 1 | behalf, if you chose to do that; but if you chose not to |
| 10:55AM | 2 | testify, no inference or suggestion of your guilt could be |
| 10:56AM | 3 | drawn by jury by the fact that you chose not to testify? |
| 10:56AM | 4 | THE DEFENDANT:  Yes. |
| 10:56AM | 5 | THE COURT:  Do you understand, sir, that by entering a |
| 10:56AM | 6 | plea of guilty this morning and if I were to accept that plea, |
| 10:56AM | 7 | there will be no trial and you will have given up each of these |
| 10:56AM | 8 | trial related lights that I've just mentioned? |
| 10:56AM | 9 | THE DEFENDANT:  Yes, Your Honor. |
| 10:56AM | 10 | THE COURT:  Do you also understand, sir, that in order |
| 10:56AM | 11 | to proceed with your plea, you will also need to give up or |
| 10:56AM | 12 | waive your right not to incriminate yourself?  And the reason |
| 10:56AM | 13 | for that is I'm about to ask you a few questions about what you |
| 10:56AM | 14 | did that makes you guilty of Count 1 of the information, and |
| 10:56AM | 15 | those questions will need to be answered.  Do you understand |
| 10:56AM | 16 | that? |
| 10:56AM | 17 | THE DEFENDANT:  Yes, I do. |
| 10:56AM | 18 | THE COURT:  Do you have any questions, sir, regarding |
| 10:56AM | 19 | these rights that I've just outlined? |
| 10:56AM | 20 | THE DEFENDANT:  No, Your Honor. |
| 10:56AM | 21 | THE COURT:  Knowing these rights, do you still wish to |
| 10:56AM | 22 | proceed with your plea? |
| 10:56AM | 23 | THE DEFENDANT:  Yes. |
| 10:56AM | 24 | THE COURT:  You are a United States citizen, correct? |
| 10:56AM | 25 | THE DEFENDANT:  Yes. |

| | | |
|---|---|---|
| 10:56AM | 1 | THE COURT:  As a United States citizen, you need to |
| 10:56AM | 2 | understand that the charge that has been brought against you |
| 10:56AM | 3 | and that you are prepared to plead guilty to, set forth in the |
| 10:56AM | 4 | information, is considered a felony offense.  If you proceed |
| 10:57AM | 5 | with your plea and that plea is accepted and you are adjudged |
| 10:57AM | 6 | guilty of that offense, that adjudication by the Court could |
| 10:57AM | 7 | deprive you of some valuable civil rights.  And those civil |
| 10:57AM | 8 | rights include the right to vote, the right to hold public |
| 10:57AM | 9 | office, the right to sit on a jury, as well as the right to |
| 10:57AM | 10 | possess or bear a firearm.  Do you understand that? |
| 10:57AM | 11 | THE DEFENDANT:  Yes. |
| 10:57AM | 12 | THE COURT:  With respect to sentencing, United States |
| 10:57AM | 13 | law establishes detailed sentencing guidelines that apply to |
| 10:57AM | 14 | those who are convicted of, which includes those who plead |
| 10:57AM | 15 | guilty to federal crimes.  The sentencing judge, in this case |
| 10:57AM | 16 | most likely myself, must consider those sentencing guidelines |
| 10:57AM | 17 | and additionally must consider some statutory sentencing |
| 10:57AM | 18 | factors that are described at 18 United States Code, Section |
| 10:57AM | 19 | 3553(a), what we sometimes refer to as the 3553(a) factors. |
| 10:57AM | 20 | Although the sentencing judge must consider these |
| 10:57AM | 21 | sentencing guidelines, do you understand, sir, that the |
| 10:57AM | 22 | guidelines are what the name might perhaps imply to you, |
| 10:57AM | 23 | meaning that they are advisory on this Court only?  Do you |
| 10:58AM | 24 | understand that? |
| 10:58AM | 25 | THE DEFENDANT:  Yes, Your Honor. |

10:58AM   1          THE COURT:  Have you discussed with Mr. Otake how the

10:58AM   2    sentencing guidelines might apply to your case?

10:58AM   3          THE DEFENDANT:  Yes.

10:58AM   4          THE COURT:  I use the term "might" with purpose, and I

10:58AM   5    use it because, as Mr. Otake has probably mentioned to you, the

10:58AM   6    Court cannot, as I sit here today, with precision determine how

10:58AM   7    the sentencing guidelines might apply to your case.  I will not

10:58AM   8    be able to do that until after the presentence investigation

10:58AM   9    and investigation report that I mentioned a few minutes ago are

10:58AM  10    prepared and after both Mr. Otake as well as Mr. Nammar have an

10:58AM  11    opportunity to provide the Court with any comments on or

10:58AM  12    objections to the contents of that report.

10:58AM  13          THE DEFENDANT:  Yes.

10:58AM  14          THE COURT:  Do you understand, sir, that after the

10:58AM  15    Court determines how the guidelines apply to your case and

10:58AM  16    applies the statutory 3553(a) factors I mentioned a few minutes

10:58AM  17    ago, the Court could impose a sentence that is either more or

10:58AM  18    less severe than what the sentencing guidelines call for?

10:58AM  19          THE DEFENDANT:  Yes.

10:59AM  20          THE COURT:  Do you understand that if a sentence is

10:59AM  21    imposed that is more severe than what you expect or more severe

10:59AM  22    than what the guidelines call for, you will nonetheless be

10:59AM  23    bound by both your plea as well as your plea agreement and will

10:59AM  24    have no right to withdraw from either on that basis?

10:59AM  25          THE DEFENDANT:  Yes.

10:59AM    1        THE COURT:  Do you understand, Mr. Yang, that despite

10:59AM    2    any discussions you may have had with Mr. Otake, with

10:59AM    3    Mr. Nammar, or with anyone else regarding the type or duration

10:59AM    4    of the sentence you're likely to receive, that I am not bound

10:59AM    5    by any discussions that you may have had with them, nor am I

10:59AM    6    bound by any recommendations regarding sentencing that really

10:59AM    7    either side or anyone might wish to provide to me?  Do you

10:59AM    8    understand that as well?

10:59AM    9        THE DEFENDANT:  Yes, Your Honor.

10:59AM   10        THE COURT:  Has anyone made any promises to you

10:59AM   11    regarding what your sentence will be?

10:59AM   12        THE DEFENDANT:  No.

10:59AM   13        THE COURT:  Do you understand that at the time of

10:59AM   14    sentencing there is no limitation on the information that the

10:59AM   15    Court can consider regarding your background, your character,

10:59AM   16    and your conduct except that the information the Court uses

11:00AM   17    must be sufficiently reliable?

11:00AM   18        THE DEFENDANT:  Yes.

11:00AM   19        THE COURT:  Do you understand that if a term of

11:00AM   20    imprisonment is imposed as part of your sentence, a term of

11:00AM   21    supervised release is very likely to follow, and if you were to

11:00AM   22    violate any of the conditions of supervised release, additional

11:00AM   23    prison time could be imposed?

11:00AM   24        THE DEFENDANT:  Yes.

11:00AM   25        THE COURT:  Do you also understand, sir, that in the

11:00AM    1    federal system parole has been abolished; and what that means

11:00AM    2    from a practical standpoint is, if a term of imprisonment is

11:00AM    3    imposed as part of your sentence, you will not be released

11:00AM    4    early on parole?

11:00AM    5          THE DEFENDANT:  Yes.

11:00AM    6          THE COURT:  Do you also understand, sir, that as part

11:00AM    7    of any final judgment in this case and as part of any sentence,

11:00AM    8    the Court could order you to pay a fine as well as a special

11:00AM    9    assessment?  Do you understand that?

11:00AM    10          THE DEFENDANT:  Yes.

11:00AM    11          THE COURT:  And the Court could also order you to

11:00AM    12    forfeit certain property to the United States, including the

11:00AM    13    property described in the forfeiture allegations of the

11:00AM    14    information.

11:00AM    15          THE DEFENDANT:  Yes.

11:00AM    16          THE COURT:  All right, we have reached the point in

11:00AM    17    this morning's proceedings that I mentioned a few minutes ago

11:00AM    18    when we talked about the need to give up or waive your right

11:01AM    19    not to incriminate yourself.  I need to be sure that you in

11:01AM    20    fact committed the crime that you have been charged with in

11:01AM    21    Count 1 of the information, and the first step in that process

11:01AM    22    is to ask AUSA Nammar to set forth the elements of that count.

11:01AM    23          MR. NAMMAR:  Yes, Your Honor.  There are four

11:01AM    24    elements.

11:01AM    25          First, that the defendant knowingly executed or

11:01AM   1   attempted to execute a scheme or artifice to defraud a health

11:01AM   2   care benefit program and to obtain money or property owned by

11:01AM   3   or under the custody or control of a health care benefit

11:01AM   4   program by means of false or fraudulent pretenses,

11:01AM   5   representations, or promises.

11:01AM   6         Second, the false or fraudulent pretenses,

11:01AM   7   representations, or promises related to material fact.

11:01AM   8         Third, the defendant acted willfully and with intent

11:01AM   9   to defraud.

11:01AM  10         And, fourth, the defendant did so in connection with

11:01AM  11   the delivery of or payment for health care benefits, items, or

11:01AM  12   services.

11:01AM  13         THE COURT:  Mr. Otake, do you have any disagreement

11:02AM  14   with AUSA Nammar's description of the elements of Count 1?

11:02AM  15         MR. OTAKE:  No, Your Honor.

11:02AM  16         THE COURT:  Okay, then I'll turn back to the

11:02AM  17   government's attorney to set forth the evidence that the

11:02AM  18   government would offer in this case if it were to proceed to

11:02AM  19   trial.

11:02AM  20         MR. NAMMAR:  Your Honor, if this case went to trial,

11:02AM  21   the government would prove beyond a reasonable doubt that the

11:02AM  22   defendant was a physician who owned and operated an outpatient

11:02AM  23   physician clinic with multiple locations on the island of Oahu.

11:02AM  24   Medicare, Medicaid, which is also known as Hawaii QUEST,

11:02AM  25   TRICARE, and the Hawaii Medical Service Association, or HMSA,

11:02AM    1    were Health Care Benefit Programs as defined by Title 18,

11:02AM    2    United States Code, Section 24(b).

11:02AM    3        Beneficiaries and patients insured by the Health Care

11:02AM    4    Benefit Programs would visit the Yang Clinic for the purpose of

11:02AM    5    receiving physician and outpatient services and would be seen

11:02AM    6    by the defendant.  The defendant then submitted and caused to

11:02AM    7    be submitted false and fraudulent claims to the Health Care

11:02AM    8    Benefit Programs using billing codes for physician consulting

11:03AM    9    service known as "G codes" for services that were in fact not

11:03AM    10   provided and were also not medically necessary.

11:03AM    11       Between approximately September 2011 and approximately

11:03AM    12   September 2018, as a result of the false and fraudulent claims

11:03AM    13   submitted or cause to be submitted by the defendant to the

11:03AM    14   Health Care Benefit Programs for "G code" services that were in

11:03AM    15   fact not provided and were also not medically necessary,

11:03AM    16   Medicare was billed approximately $192,334 and paid

11:03AM    17   approximately $46,697.70; Medicaid was billed approximately

11:03AM    18   $594,884.80 and paid approximately $157,783.04; TRICARE was

11:03AM    19   billed approximately $69,458.00 and paid approximately

11:03AM    20   $7,603.85; and HMSA was billed approximately $120,324.00 and

11:04AM    21   paid approximately $41,334.52.

11:04AM    22       In total, the Health Care Benefit Programs were billed

11:04AM    23   approximately $977,000.80 in false and fraudulent claims and

11:04AM    24   paid approximately $253,419.11.

11:04AM    25       THE COURT:  Mr. Yang, do you agree, sir, that what the

11:04AM   1   government said you did is true?

11:04AM   2           THE DEFENDANT:  Yes.

11:04AM   3           THE COURT:  And do you understand, sir, the evidence

11:04AM   4   that the government would offer if this case were to proceed to

11:04AM   5   trial?

11:04AM   6           THE DEFENDANT:  Yes.

11:04AM   7           THE COURT:  In your own words, sir, describe what you

11:04AM   8   did that makes you guilty of Count 1.

11:04AM   9           THE DEFENDANT:  Between 2011 and 2018, I knowingly

11:04AM  10   submitted false claims for reimbursement to the Health Care

11:04AM  11   Benefit Programs related to "G code" services that either were

11:04AM  12   not provided or not medically necessary.  This led to the

11:05AM  13   Health Care Benefit Programs paying out approximately $250,000

11:05AM  14   on these false claims over that seven-year period.

11:05AM  15           THE COURT:  And this had to do with the delivery of

11:05AM  16   medical services or health care services to patients here in

11:05AM  17   the district of Hawaii; is that true?

11:05AM  18           THE DEFENDANT:  Yes.

11:05AM  19           THE COURT:  During that same seven-year -- roughly

11:05AM  20   seven-year time frame?

11:05AM  21           THE DEFENDANT:  Yes, sir.

11:05AM  22           THE COURT:  And to be more precise, you mentioned

11:05AM  23   250,000 -- the information and your plea agreement both

11:05AM  24   identified the sum of $253,419.11 paid out by these four Health

11:05AM  25   Care Benefits Programs identified once again in both locations

11:05AM   1   as a result of the false or fraudulent claims that you

11:05AM   2   submitted.  Is that, to be a little bit more accurate, correct,

11:05AM   3   as far as you understand it, sir?

11:05AM   4            THE DEFENDANT:  Yes.

11:05AM   5            THE COURT:  Are both counsel satisfied that a factual

11:05AM   6   basis for Dr. Yang's plea of guilty to Count 1 has been

11:06AM   7   established?

11:06AM   8            MR. NAMMAR:  Yes, Your Honor.

11:06AM   9            MR. OTAKE:  Yes, Your Honor.

11:06AM   10           THE COURT:  Mr. Yang, I'll then turn to you then, sir,

11:06AM   11   as to Count 1 of the information.  How do you plead:  guilty or

11:06AM   12   not guilty?

11:06AM   13           THE DEFENDANT:  Guilty.

11:06AM   14           THE COURT:  The Court finds that the defendant,

11:06AM   15   Mr. Yang, understands the nature of this morning's proceedings

11:06AM   16   and is competent to waive indictment and proceed by information

11:06AM   17   as well as to enter a knowing and informed plea.

11:06AM   18           The Court further finds that Mr. Yang has voluntarily

11:06AM   19   waived indictment and consented to proceed by information.  The

11:06AM   20   Court has entered on the docket the waiver of indictment form

11:06AM   21   that Mr. Yang and counsel have signed as has the Court.

11:06AM   22           The Court further finds that Mr. Yang has entered a

11:06AM   23   knowing, informed, and voluntary plea of guilty this morning,

11:06AM   24   and he has done so without coercion, force, or threat relevant

11:06AM   25   to Count 1 of the information.

| | | |
|---|---|---|
| 11:06AM | 1 | The Court finds that Mr. Yang's plea of guilty is |
| 11:06AM | 2 | supported by an independent bases in fact containing each of |
| 11:06AM | 3 | the essential elements of Count 1, and that Mr. Yang |
| 11:06AM | 4 | understands both the trial and civil rights that he would have |
| 11:06AM | 5 | in the absence of pleading, but nonetheless knowingly and |
| 11:07AM | 6 | voluntarily elects to waive those rights.  The Court finds that |
| 11:07AM | 7 | in pleading guilty, the defendant understands the factors that |
| 11:07AM | 8 | the Court will consider at the time of sentencing and that the |
| 11:07AM | 9 | defendant consents to the entry of a forfeiture money judgment |
| 11:07AM | 10 | in the amount of $253,419.11 in favor of the United States, in |
| 11:07AM | 11 | accordance with the plea agreement that Mr. Yang has signed |
| 11:07AM | 12 | with the United States. |
| 11:07AM | 13 | Mr. Yang, as you've acknowledged that you are in fact |
| 11:07AM | 14 | guilty, I accept your guilty plea and adjudge you guilty as |
| 11:07AM | 15 | charged of Count 1 of the information. |
| 11:07AM | 16 | The Court orders the plea agreement in this case to be |
| 11:07AM | 17 | filed but reserves a determination of whether to accept it |
| 11:07AM | 18 | until after a presentence investigation and investigation |
| 11:07AM | 19 | report have both been completed. |
| 11:07AM | 20 | May we get a sentencing date please? |
| 11:07AM | 21 | THE CLERK:  January 22, 2020 at 9:30. |
| 11:07AM | 22 | THE COURT:  Is that date and time acceptable with both |
| 11:07AM | 23 | counsel? |
| 11:07AM | 24 | MR. NAMMAR:  Yes, Your Honor. |
| 11:07AM | 25 | MR. OTAKE:  Yes, Your Honor. |

11:07AM  1          THE COURT:  All right, the defendant is under pretrial
11:07AM  2     release.  I have read the pretrial services report that was
11:08AM  3     submitted to me earlier this morning.  Is there any issues with
11:08AM  4     regard to allowing the defendant to remain out on bail pursuant
11:08AM  5     to the conditions outlined in the pretrial service report,
11:08AM  6     Mr. Nammar?
11:08AM  7          MR. NAMMAR:  There is not, Your Honor.  Normally in
11:08AM  8     these cases we see a condition that the defendant would be
11:08AM  9     precluded from billing any of the entities listed in the
11:08AM  10    information, which is TRICARE, Medicare, Medicaid, HMSA.  He is
11:08AM  11    likely to be revoked by those entities, but sometimes there is
11:08AM  12    a lag in doing that; so we would ask for that condition.
11:08AM  13         THE COURT:  All right, is there any objection to that,
11:08AM  14    Mr. Otake?
11:08AM  15         MR. OTAKE:  That's something that he has a civil
11:08AM  16    attorney that's helping him with and so these programs are
11:08AM  17    going to do what they are going to do.  And I would just ask
11:08AM  18    that we leave it to the programs to do what they are going to
11:08AM  19    do and not make it a term of his pretrial release.
11:08AM  20         THE COURT:  So you're not representing him on the
11:08AM  21    civil side?
11:08AM  22         MR. OTAKE:  No, I'm not.  Mr. George Hetherington is.
11:09AM  23         THE COURT:  Well, the Court does find that the
11:09AM  24    defendant ought to be allowed to remain out on pretrial release
11:09AM  25    pending sentencing pursuant to a number of conditions that are

11:09AM   1   identified in the pretrial services report.  Those include

11:09AM   2   being allowed out on unsecured bond in the amount of $25,000.

11:09AM   3       In addition, the defendant must comply with the number

11:09AM   4   of additional conditions; they include complying with the

11:09AM   5   pretrial services supervision and abiding by all the conditions

11:09AM   6   of release as directed by pretrial services.

11:09AM   7       The defendant must inform pretrial services within

11:09AM   8   24 hours of any contact with law enforcement, including but not

11:09AM   9   limited to any arrest, questioning, other than with respect to

11:09AM   10  the instant offense, as well as any traffic stop.

11:09AM   11      The defendant must maintain or actively seek

11:10AM   12  employment as directed by pretrial.

11:10AM   13      He additionally must surrender by October 11th of

11:10AM   14  2019, which is later this week, any passport and any and all

11:10AM   15  travel documents to the U.S. Pretrial Services offices, he may

11:10AM   16  not obtain or apply for any new passport.  Of course, if not

11:10AM   17  convicted, well, I guess that's kind of water under the bridge

11:10AM   18  at this point.  Travel is restricted to the State of Hawaii.

11:10AM   19      The defendant may not change residence without the

11:10AM   20  approval -- prior approval of pretrial services.

11:10AM   21      He must provide pretrial services with any and all

11:10AM   22  requested financial information to include employment and all

11:10AM   23  sources of income, bank accounts, assets and liabilities, as

11:10AM   24  well as investments.  He is also required to sign and execute

11:10AM   25  an authorization to release financial information as requested

| | | |
|---|---|---|
| 11:10AM | 1 | by pretrial services.  Pretrial services is authorized and the |
| 11:11AM | 2 | defendant acknowledges to run credit reports on a random and |
| 11:11AM | 3 | as-needed basis during the term of his supervision to insure |
| 11:11AM | 4 | compliance with his pretrial release conditions.  He is also |
| 11:11AM | 5 | required -- well, this is a redundant condition; is that right? |
| 11:11AM | 6 | The authorization mentioned in paragraph 8O, is that the same |
| 11:11AM | 7 | one that is contemplated by 8N? |
| 11:11AM | 8 | MS. PATRICK:  Your Honor, 8O is specifically for |
| 11:11AM | 9 | credit reports. |
| 11:11AM | 10 | THE COURT:  Well -- |
| 11:12AM | 11 | MS. PATRICK:  Your Honor, 8O could fall under the 8N, |
| 11:12AM | 12 | but 8N is a little bit broader.  There may be other releases. |
| 11:12AM | 13 | 8O is specifically for the credit report. |
| 11:12AM | 14 | THE COURT:  Well, there is no objection to the release |
| 11:12AM | 15 | of his credit report information. |
| 11:12AM | 16 | MR. OTAKE:  No objection. |
| 11:12AM | 17 | THE COURT:  All right.  So he is required then, in |
| 11:12AM | 18 | paragraph 8O, to authorize release of financial information as |
| 11:12AM | 19 | requested by pretrial services.  It seems to me that it's |
| 11:12AM | 20 | redundant of paragraph 8N.  As just mentioned, 8N is broader, |
| 11:12AM | 21 | it applies to all financial information.  So if it applies to |
| 11:12AM | 22 | all financial information, I don't see how it wouldn't apply to |
| 11:12AM | 23 | any credit report information that it comes into the custody of |
| 11:12AM | 24 | pretrial services. |
| 11:12AM | 25 | In conjunction with the Court's Ho'okele program, the |

| | | |
|---|---|---|
| 11:12AM | 1 | Court does authorize the defendant to participate in voluntary |
| 11:12AM | 2 | stress and anxiety counseling as arranged by pretrial services. |
| 11:12AM | 3 | In addition to these special conditions, the defendant may not |
| 11:12AM | 4 | commit any offense in violation of federal, state, or local law |
| 11:13AM | 5 | while on release.  He shall appear at all proceedings as |
| 11:13AM | 6 | required including the one just scheduled on January 22nd of |
| 11:13AM | 7 | 2020 at 9:30 in this court and shall surrender for service of |
| 11:13AM | 8 | any sentence as imposed as directed. |
| 11:13AM | 9 | And the defendant must also cooperate in the |
| 11:13AM | 10 | collection of DNA if authorized by 42 United States Code, |
| 11:13AM | 11 | Section 14135(a). |
| 11:13AM | 12 | With regard to the requested prohibition as far as |
| 11:13AM | 13 | billing to the three Health Care Benefits Programs that are |
| 11:13AM | 14 | identified in the information, the Court declines to do so at |
| 11:13AM | 15 | this time. |
| 11:13AM | 16 | Anything else that we need to take up?  Did I miss |
| 11:13AM | 17 | anything? |
| 11:13AM | 18 | MR. NAMMAR:  No, Your Honor. |
| 11:13AM | 19 | MR. OTAKE:  No, Your Honor.  Thank you. |
| 11:13AM | 20 | THE COURT:  We will see you back here in January of |
| 11:13AM | 21 | next year for sentencing. |
| 11:13AM | 22 | MR. OTAKE:  Thank you, Your Honor. |
| 11:13AM | 23 | (Proceedings were concluded at 11:13 a.m.) |
| | 24 | |
| | 25 | |

```
 1                      COURT REPORTER'S CERTIFICATE
 2              I, Gloria T. Bediamol, Official Court Reporter, United
 3   States District Court, District of Hawaii, do hereby certify
 4   that pursuant to 28 U.S.C. §753 the foregoing is a complete,
 5   true, and correct transcript from the stenographically reported
 6   proceedings held in the above-entitled matter and that the
 7   transcript page format is in conformance with the regulations
 8   of the Judicial Conference of the United States.
 9
10              DATED at Honolulu, Hawaii, April 15, 2022.
11
12
13                                  /s/ Gloria T. Bediamol
14                                  GLORIA T. BEDIAMOL.
15                                  RMR, CRR, FCRR
16
17
18
19
20
21
22
23
24
25
```